IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY DICKSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1789-G-BD |
| | § | |
| TRACY LYNN HICKS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ricky Dickson, a Texas prisoner, against his sister, Tracy Lynn Hicks. On September 10, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on October 5, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

## II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that defendant committed fraud, forgery, and aggravated perjury in connection with her duties as administrator of the Estate of Lewis Hicks. (*See* Plf. Compl. at 1-2; Mag. J. Interrog. #1, 5). More particularly, plaintiff contends that defendant failed to deposit his share of the Estate, which amounted to $11,130, into a trust account as promised. (*See* Plf. Compl. at 1-2 & Exh. A; Mag. J. Interrog. #2). According to plaintiff, defendant acted "under color of state law" because she served as representative and administrator of a probate estate, and falsified records used in a court proceeding. (*See* Mag. J. Interrog. #1, 5). In addition to committing fraud and forgery, plaintiff generally alleges that defendant violated his rights under the Ninth Amendment to the United States Constitution.[1] (*See* Mag. J. Interrog. #3, 5).

## III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

---

[1] The Ninth Amendment provides:

> The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

U.S. CONST. amd. IX. Plaintiff does not explain, nor can the court determine from his complaint and interrogatory answers, how the actions of defendant violated any right protected by the Ninth Amendment.

Plaintiff has failed to allege a cognizable claim arising under federal law. Although plaintiff attempts to assert a civil rights claim under 42 U.S.C. § 1983, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendant, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999). Executors and administrators do not act "under color of state law" by virtue of their role in state probate proceedings. *See Hagerty v. Succession of Clement*, 749 F.2d 217, 220-21 (5th Cir. 1984), *cert. denied,* 106 S.Ct. 333 (1985). Therefore, plaintiff cannot sue defendant under section 1983 for violating his constitutional rights.

Nor is there any basis for federal diversity jurisdiction. It is clear from plaintiff's complaint and interrogatory answers that both parties are citizens of Texas, (*see* Plf. Compl. at 2; Mag. J. Interrog. #4), and the amount in controversy does not exceed $75,000. (*See* Plf. Compl. at 1; Mag. J. Interrog. #2). The court therefore concludes that federal diversity jurisdiction is not proper. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").[2]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[2] Even if the court had subject matter jurisdiction, plaintiff's claims, which arose in 2005, would be barred by the two-year statute of limitations governing federal civil rights actions in Texas. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE